UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ARTURO GUALNA CUCUL (A-222-589-836),

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-5412 TLN CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Jose Arturo Gualna Cucul (A-222-589-836), a native of Guatemala who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner to be provided a bond hearing.

## I. BACKGROUND

Petitioner entered the United States on March 1, 2022, through Texas and without inspection. (ECF No. 1 at 6.) On June 22, 2026, petitioner was arrested for misdemeanor DWI. (ECF No. 1 at 6.) On June 25, 2026, petitioner was turned over to ICE officers who transported petitioner to a detention center. (Id.)

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

It does not appear that petitioner has been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 1-19; ECF No. 8-1.) Respondents do not contest petitioner's factual allegations. (See ECF No. 8.)

On July 13, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 23, 2026, respondents timely filed an answer. (ECF No. 8.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention as a due process claim under the Fifth Amendment, and not limited to a claim challenging his detention as prolonged. (See ECF No. 1.) The Court also notes that respondents did not address prolonged detention in their response, and are therefore not prejudiced by the Court's construction. (See ECF No. 8.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead preserve their position that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 8 at 1-2.)

Respondents cite Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b) is applicable here. (Id.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.)

Respondents concede that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine petitioner's suitability for release from detention pending a final order of removal." (Id. at 1.) Respondents note petitioner is in pre-order detention and "had an encounter with law enforcement." (Id. (citing ECF Nos. 8-1, 7-2.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in a binding decision, Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly,

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

[district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondents' concession, the Court recommends granting the petition.

## IV. REMEDY

As relief in his habeas petition, petitioner requests release from custody with appropriate supervision if necessary, or, in the alternative, a bond hearing. (ECF No. 1 at 20.) Respondents do not oppose an order requiring a bond hearing, but ask the Court to grant a fourteen day period in which to hold the bond hearing. (ECF No. 8 at 1.) Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a) (see ECF No. 7-1 at 2-3), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026) (recommending bond hearing where no prior release on bond pursuant to § 1226(a)), findings and recommendations adopted by, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026); Cresencio Sandoval

Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same). The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.[3] See J.S. v. Wofford, 2026 WL 125258, at *8; 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)). At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof). Respondents' request for a fourteen day period to hold the bond hearing is granted.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to provide petitioner Jose Arturo Gualna Cucul (A-222-589-836) a bond hearing within **fourteen** days of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community. If petitioner is granted release on bond, respondents

[3] At the time the petition was filed, petitioner had been detained for 18 days.

shall return all of petitioner's documents and possessions to petitioner at the time of release.

3. If respondents fail to provide petitioner a bond hearing within **fourteen days**, petitioner shall be immediately released from respondent's custody. Respondents shall return all of petitioner's documents and possessions to petitioner at the time of release.

4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the date of the bond hearing, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gual5412.157.2241.imm.BOND